IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| JEREMY JAMES DALTON #288831, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:24-CV-00007 |
| | ) JUDGE RICHARDSON |
| STATE OF TENNESSEE, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This is a pro se prisoner civil rights case filed by Plaintiff Jeremy James Dalton, an inmate of the Hardeman County Correctional Facility in Whiteville, Tennessee.[1] (Doc. No. 1).

Presently pending before the Court are the following motions filed by Plaintiff: "Rule 65(b) TRO Motion" (Doc. No. 6); "Application for Temporary Restraining Order/Show Cause Order" (Doc. No. 7); Motion Requesting Certified Copy of Record and Discovery (Doc. No. 9); and Motion to Request Special Attorney (Doc. No. 11). Plaintiff also recently filed a "Supplemental Pleading" (Doc. No. 17) and a Declaration/Affidavit. (Doc. No. 18).

The complaint and amended complaint are before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A. Before conducting the required PLRA review, the Court will address the first two motions and supplemental pleading filed by Plaintiff.

---

[1] Plaintiff originally filed this action in the Eastern Division of the United States District Court for the Western District of Tennessee. (*Id.*) By Order entered on February 14, 2024, the Honorable Samuel H. Mays, Jr. transferred this action to the Northeastern Division of the United States District Court for Middle District of Tennessee pursuant to 28 U.S.C. § 1406(a). (Doc. No. 14).

# I. MOTIONS FOR TEMPORARY RESTRAINING ORDER ("TRO MOTIONS")

Plaintiff filed two TRO motions before his case was transferred to this district. (Doc. Nos. 6, 7). In his first TRO motion, Plaintiff seeks injunctive relief to protect the record of his Fentress County criminal trial. (Doc. No. 6). Plaintiff believes that various individuals "will certainty attempt to destroy this evidence" once they learn of this lawsuit. (*Id*. at PageID 212). In his second TRO motion, Plaintiff seeks his immediate release from custody or an order directing the United States and Tennessee to show cause within ten days "why [Plaintiff] should stay imprisoned in clear violation of LAW and CONSTITUTIONALITY . . . ." (Doc. No. 7 at PageID 218) (emphasis in original).

A TRO movant must comply with specific procedural requirements. First, "any request for a TRO" must be made by written motion "separate from the complaint." M.D. Tenn. L.R. 65.01(a). Second, because the movant bears the burden of justifying preliminary injunctive relief on the merits, *Kentucky v. U.S. ex rel. Hagel*, 759 F.3d 588, 600 (6th Cir.2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Third, the motion for a TRO must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a motion for a TRO "must be accompanied by a separately filed affidavit or verified written complaint"). Finally, the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

Here, neither of the TRO motions filed by Plaintiff fulfills all these procedural requirements. Plaintiff has not submitted a memorandum of law in support of his TRO motions. Neither has Plaintiff explained in writing what particular efforts he made to give notice to Defendants or why notice should not be required. The Local Rules require "strict compliance"

with this notice provision by pro se moving parties. *See* M.D. Tenn. L.R. 65.01(c). Thus, Plaintiff has not placed specific facts before the Court in a manner allowing it to fairly evaluate the TRO motions on the merits. Accordingly, the Court will deny both motions (Doc. Nos. 6 & 7).

## II. SUPPLEMENTAL PLEADING

Nearly one year after the filing of his initial complaint Plaintiff filed a document entitled "Supplemental Pleading." (Doc. No. 17). Therein, Plaintiff alleges that after he filed this lawsuit, he was placed in segregation without his personal property or legal papers, that a "hit" was placed on Plaintiff, and that he was denied the use of a telephone, hygiene products, and medical care for ringworm. (*Id*. at PageID 7-12).

Federal Rule of Civil Procedure 15(d) governs motions to supplement a pleading with allegations "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Rule 15(d) provides district courts with "broad discretion in allowing a supplemental pleading." Fed. R. Civ. P. 15 advisory committee's note to 1963 amendment. Courts consider the following factors when determining whether to grant leave to supplement a complaint:

> (1) The relatedness of the original and supplemental complaints; (2) Whether allowing supplementation would serve the interests of judicial economy; (3) Whether there is evidence of delay, bad faith or dilatory motive on the part of the movant, or evidence of repeated failure to cure deficiencies by amendments previously allowed; (4) Whether amendment would impose undue prejudice upon the opposing party; (5) Whether amendment would be futile; (6) Whether final judgment had been rendered; (7) Whether the district court retains jurisdiction over the case; (8) Whether any prior court orders imposed a future affirmative duty upon defendant; and (9) Whether the proposed supplemental complaint alleges that defendants defied a prior court order.

*Ne. Ohio Coal. for the Homeless v. Husted*, No. 2:06-CV-00896, 2015 WL 13034990, at *6 (S.D. Ohio Aug. 7, 2015) (quoting *San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of Interior*, 236 F.R.D. 491, 495-97 (E.D. Cal. 2006), *aff'd*, 837 F.3d 612 (6th Cir. 2016)).

The factual allegations in Plaintiff's original and amended complaints attack the integrity of Plaintiff's state-court criminal proceedings. That is, as discussed above, Plaintiff alleges that most everyone involved in those proceedings conspired to wrongly convict and incarcerate him. The factual allegations in Plaintiff's supplemental pleadings concern the conditions of his confinement, such as his placement in segregation and the alleged denial of medical treatment. The latter allegations are unrelated to the claims of the original complaint and amended complaint. And they are insufficient to put Defendants on notice of Plaintiff's proposed supplemental-pleading claims regarding the conditions of his confinement. Consequently, the Court will not accept the supplemental pleading in this case.[2] *See Novante v. Elrod*, No. 3:19-CV-00821, 2021 WL 1264554, at *4-6 (M.D. Tenn. Apr. 5, 2021) (finding that plaintiff's proposed amended claim, asserted after plaintiff filed his original complaint, was governed by Rule 15(d) and, in applying

---

[2] The Court also is mindful of the rules of joinder. Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. "Permitting the improper joinder in a prisoner civil rights action . . . undermines the purpose of the PLRA, which was to reduce to large number of frivolous prisoner lawsuits that were being filed in the federal courts." *White v. Perron*, No. 2:20-cv-247, 2021 WL 3855589, at *5 (W.D. Mich. Aug. 30, 2021) (citing *Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004). Under the PLRA, a prisoner may not commence an action without prepayment of the filing fee, *see* 28 U.S.C. § 1915(b)(1), which ensures that prisoner-plaintiffs experience the deterrent effect created by liability for filing fees. The PLRA also contains a "three strikes" provision which requires prisoner-plaintiffs who fall within its scope to pay the entire filing fee at the outset of the case unless they are under imminent danger of serious physical injury. *Wilson v. Yaklich*, 148 F.3d 596, 603-04 (6th Cir. 1998), *cert. denied*, 525 U.S. 1139 (1999). The "three strikes" provision also was an attempt by Congress to curb frivolous prisoner litigation. *See id.* at 603.

Plaintiff's conditions-of-confinement claims would be, if cognizable, Section 1983 claims as to which Plaintiff could avoid an additional strike if he were permitted the improper joinder of claims. Yet, "'[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.'" *White v. Perron*, No. 2:20-cv-247, 2021 WL 3855589, at *6 (W.D. Mich. Aug. 30, 2021) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) and citing *Brown v. Blaine*, 185 F. App'x 166, 168-69 (3d Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA)); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998) (declining to allow "litigious prisoners to immunize frivolous lawsuits from the 'three strikes' barrier by the simple expedient of pleading unexhausted habeas claims as components of § 1983 suits"); *Shephard v. Edwards*, No. C2-01-563, 2001 WL 1681145, at *1 (S.D. Ohio Aug. 30, 2001) (declining to consolidate prisoner's unrelated various actions so as to allow him to pay one filing fee because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision"); *Scott v. Kelly*, 107 F. Supp. 2d 706, 711 (E.D. Va. 2000) (denying prisoner's request to add new, unrelated claims to an ongoing civil rights action as an improper attempt to circumvent the PLRA's filing fee requirements and an attempt to escape the possibility of obtaining a "strike" under the "three strikes" rule)).

the rule, denying plaintiff's motion to amend because the proposed claim was "insufficiently related to the original complaint"). Plaintiff may file a separate lawsuit regarding the conditions of his confinement if he so chooses.

### III. PLRA SCREENING OF THE COMPLAINT AND AMENDED COMPLAINT

The Court now turns to the required PLRA screening of the complaint and amended complaint. Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The Court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept a plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**A. Facts Alleged in the Complaint and Amended Complaint**

The allegations of the complaint and amended complaint are assumed true for purposes of the required PLRA screening.

Plaintiff's complaint, filed in forma pauperis, alleges defects in his criminal proceedings in Fentress County, Tennessee. Plaintiff names twenty-four Defendants, including Fentress County, the Fentress County Sheriff's Department, the Jamestown City Police, Fentress County Judges and Judicial Commissioners, jurors, court reporters, prosecutors, Plaintiff's court-appointed attorneys, United States Magistrate Judge for the Middle District of Tennessee Jeffery Frensley, Chief United States District Judge for the Middle District of Tennessee Waverly D. Crenshaw, Jr., Roane County, the Roane County Sheriff's Department, and Roane County Circuit Judge Jeffery Wicks. (*Id*.) The complaint asks the Court to investigate alleged irregularities in Plaintiff's state-court criminal proceedings and to release Plaintiff from custody. (*Id*. at PageID 75-77).

The amended complaint adds claims against twelve individuals who served as petit jurors at the trial in Plaintiff's criminal case in Fentress County, based on an alleged conspiracy to obtain a guilty verdict against Plaintiff in that trial (Doc. No. 12 at PageID 331-332; *see also* Doc. No. 12-7 at PageID 387 (order of conviction identifying jurors)); Herbert Slatery III, former Tennessee Attorney General; Benjamin Ball, Senior Assistant Attorney General (Doc. No. 12 at PageID 332-333); Judge Zachary R. Walden of the Fentress County Criminal Court (*id*. at PageID 333-336); and sixteen individuals who served as grand jurors in Fentress County (*id*. at PageID 336-339).

Essentially, Plaintiff alleges that he was convicted and sentenced in a "sham proceeding" because numerous individuals—including but not limited to police, judges, attorneys, court staff, and jurors—conspired to "frame" Plaintiff for crimes he did not commit. (Doc. No. 1 at PageID 8, 22).

**B. Analysis**

Plaintiff's pro se complaint cites 42 U.S.C. § 1983.[3] The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). A Section 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, a state prisoner does not state a cognizable claim under Section 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). The United States Supreme Court extended *Heck* to bar Section 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Plaintiff's request for relief to be immediately released from custody is an obvious and direct challenge to his continued confinement. However, Plaintiff does not allege that his conviction has been favorably terminated. His request for immediate release from custody

---

[3] Plaintiff's original complaint also cites 42 U.S.C. §§ 1981, 1985, 1986, and 1988; the First, Thirteenth, and Fourteenth Amendments of the United States Constitutions; the Articles of Confederation; "the Court Reporter Act"; and Article I, Section 33 of the Tennessee Constitution. (*See* Doc. No. 1 at PageID 7). Although pleadings and documents filed by pro se litigants are to be "liberally construed," *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991)). District courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District courts likewise are not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. App'x 836, 837 (6th Cir. 2003). Plaintiff's list-format of citations does not constitute a short and plain statement showing that he is entitled to relief under the listed statutes and provisions. *See* Fed. R. Civ. P. 8(a).

therefore is barred by *Heck* and its progeny. Plaintiff's claims regarding the constitutionality of his continued confinement would be more appropriately brought in a separate petition for writ of habeas corpus. These claims will be dismissed without prejudice, should Plaintiff wish to pursue them via the appropriate route.

## IV. REMAINING MOTIONS

Having found that this action is subject to dismissal under *Heck*, Plaintiff's Motion Requesting Certified Copy of Record and Discovery (Doc. No. 9) and Motion to Request Special Attorney (Doc. No. 11) will be denied as moot.

## V. CONCLUSION

For the reasons explained herein, Plaintiff's TRO motions (Doc. Nos. 6 & 7) are **DENIED**.

The Court will not accept the supplemental pleading in this case. Plaintiff may file a separate lawsuit regarding the conditions of his confinement if he so chooses.

Having conducted the screening required by the PRLA, the Court finds that Plaintiff's claims regarding the constitutionality of his continued confinement would be more appropriately brought in a separate petition for writ of habeas corpus. These claims are **DISMISSED WITHOUT PREJUDICE**, should Plaintiff wish to pursue them via the appropriate route. There being no further claims before the Court, this action is **DISMISSED**.

Plaintiff's Motion Requesting Certified Copy of Record and Discovery (Doc. No. 9) and Motion to Request Special Attorney (Doc. No. 11) are **DENIED AS MOOT**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE